IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHAVON LOATMAN, appearing *pro se*, <br><br>        Plaintiff, <br><br>  v. <br><br>EXPERIAN INFORMATION SOLUTIONS, INC., <br><br>        Defendant. | Civil No. 23-1672 (RMB/MJS) <br><br>**MEMORANDUM OPINION AND CONSOLIDATION ORDER** |
| SHAVON LOATMAN, appearing *pro se*, <br><br>        Plaintiff, <br><br>  v. <br><br>EQUIFAX INFORMATION SOLUTIONS, INC., <br><br>        Defendant. | Civil No. 23-1756 (RMB/MJS) <br><br>**MEMORANDUM OPINION AND CONSOLIDATION ORDER** |
| SHAVON LOATMAN, appearing *pro se*, <br><br>        Plaintiff, <br><br>  v. <br><br>TRANSUNION LLC, <br><br>        Defendant. | Civil No. 23-1758 (RMB/MJS) <br><br>**MEMORANDUM OPINION AND CONSOLIDATION ORDER** |

**BUMB**, Chief District Judge:

    This matter comes before the Court upon the filing of three separate complaints, each of which was also filed with an application to proceed in forma pauperis ("IFP"), by

Plaintiff Shavon Loatman (hereafter, "Plaintiff"), who is appearing *pro se* in each of these matters. For the reasons set forth herein, the Court will grant Plaintiff's IFP application and consolidate her complaints into a single action.

I.  **BACKGROUND**

On March 23, 2023, Plaintiff filed three complaints with this Court, initiating separate actions against Experian Information Solutions, Inc. ("Experian"), Equifax Information Solutions, Inc. ("Equifax"), and Transunion LLC ("Transunion"). Plaintiff's complaints are almost entirely identical other than which defendant is named.[1] Plaintiff alleges that Experian, Equifax, and Transunion each relied upon inaccurate or incomplete information in furnishing her credit report. Plaintiff asserts that she alerted each of these credit reporting agencies of erroneous information in her file, including verification as to the accuracy of her account by third party vendor LexisNexis Risk Data Management Inc. (hereafter, "LexisNexis").[2] [*See, e.g.*, Civil Action No. 23-1756, Docket No. 1, at 5.]

According to Plaintiff, LexisNexis has no record of any prior bankruptcies by Plaintiff, but the credit reporting agencies failed to verify this information and update Plaintiff's credit report. [*Id.*] Plaintiff alleges that defendants "violated the Fair Credit Reporting Act by failing to legitimately verify data provided by a furnisher after receiving consumer disputes." [*Id.*] She also alleges that defendants "violated the Fair Debt Collection Practices Act by falsely representing the amount of Plaintiff's debt and making false and deceptive representations in violation of 15 U.S.C. §§ 1692e (2) (A) and e (10)." [*Id.*] As a

---

[1] The only factual difference in Plaintiff's complaints is the allegation against Transunion (only) that it also refused to remove fraudulent inquiries from her credit files. [*See* Civil No. 23-1758, Docket No. 1, at 5.]
[2] In the complaint against Experian (only), Plaintiff refers to the vendor merely as "LexisNexis." [Civil Action No. 23-1672, Docket No. 1, at 3.]

result, Plaintiff claims the injury she suffered includes loss of credit, increased interest rates, humiliation, invasion of privacy, emotional distress, and embarrassment. [*Id.*]

## II.   LEGAL STANDARDS

### A.   IFP Application

When a non-prisoner seeks permission to proceed IFP under 28 U.S.C. § 1915, the applicant must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, Civ. No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

### B.   Consolidation Pursuant to Rule 42(a)

Federal Rule of Civil Procedure 42(a) allows a District Court to consolidate actions before it if the actions involve a common question of law or fact. It is also well established that Rule 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

### C.   *Sua Sponte* Dismissal

Once an application to proceed IFP has been granted, the Court is required to screen the Complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In fact, the Federal Rules of Civil Procedure require the Court to dismiss any claim, prior to service, that fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

and/or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

Federal Rule of Civil Procedure 8(a) sets forth the pleading standards and requirements that the Complaint must satisfy:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Thus, to survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening the Complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III.  ANALYSIS

### A.  IFP Application

Plaintiff qualifies for permission to proceed IFP. In each of the affidavits attached to Plaintiff's three complaints, Plaintiff indicates that she is unemployed (but is currently seeking work), has no assets, and has no source of monthly income. [*See* Docket No. 1-1.] Upon review, the Court finds that Plaintiff has established that she lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

### B.  Plaintiff's Complaints Involve Common Questions of Law and Fact

By copying and pasting the same "statement of claim" in each of her complaints, Plaintiff appears to concede that her claims against Experian, Equifax, and Transunion involve common questions of fact. In any event, the Court finds that consolidation pursuant to Rule 42(a) is warranted. Here, Plaintiff's claims all stem from the respective credit reporting agency's failure to incorporate certain information from the same vendor regarding Plaintiff's bankruptcy history. The Court is satisfied that Plaintiff's factually overlapping claims will also implicate common questions of law as the litigation proceeds, including the legal defenses likely to be raised by the defendants.

### C.  Plaintiff's Complaints State A Plausible Claim for Relief

The Court is satisfied that Plaintiff has met the pleading requirements of Rule 8 and that her claims are not frivolous or malicious. In each of the complaints, Plaintiff erroneously states the federal statutory basis upon which the Court's federal question jurisdiction rests for violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. The provisions she cites — 15 U.S.C. §§ 1692k(d), 1681p; 28 U.S.C. § 1331 – are mere jurisdictional provisions that clarify the Court's federal subject matter jurisdiction for violations of the relevant subchapter of the statute at issue. However, in her statement of

claims, Plaintiff relies upon additional provisions of these statutes. For example, Plaintiff relies on 15 U.S.C. §§ 1692e (2) (A) and e (10) in describing her claims under the Fair Debt Collection Practices Act, which prohibit false or misleading representations by a debt collector, including the false representation of the character, amount, or legal status of any debt," and using "any false representation or deceptive means" to collect a debt or obtain consumer information, respectively.

Regarding her claims under the Fair Credit Reporting Act, Plaintiff cites generally to 15 U.S.C. § 1681. Although Plaintiff does not cite the part of the statute that pertains to the procedure in case of a disputed accuracies in a credit report, the Court finds that the complaints still sufficiently put the defendants on notice as to the alleged deceptive practices Plaintiff challenges under the Fair Credit Reporting Act, as well. This is also consistent with the Third Circuit's instruction to liberally construe *pro se* complaints and resolve any doubts in favor of Plaintiff.

## IV. CONCLUSION

For the reasons stated above, **IT IS** on this **11th** day of **April 2023**, hereby

**ORDERED** that Plaintiff's IFP Application [Docket No. 1-1] is **GRANTED**; and it is further

**ORDERED** that the Clerk file Plaintiff's complaints; and it is further

**ORDERED** that Civ. Nos. 23-1672, 23-1756, and 23-1758 shall be **CONSOLIDATED** and Civ. No. 23-1672 shall be designated as the lead case pursuant to Local Rule 42.1; and it is further

**ORDERED** that the Clerk of Court issue a summons and the U.S. Marshal serve a copy of the complaints, summons and this order upon the defendant(s) as directed by the plaintiff(s). All costs of service shall be advanced by the United States.

s/Renée Marie Bumb
Renée Marie Bumb
Chief District Judge
